## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | | |
|---|---|---|
| CHARISMA GLENN,       Movant, | :: :: :: | MOTION TO VACATE 28 U.S.C. § 2255 |
| v. | :: :: | CRIMINAL NO. 3:16-CR-0003-TCB-RGV-9 |
| UNITED STATES OF AMERICA,       Respondent. | :: :: :: | CIVIL ACTION NO. 3:17-CV-0069-TCB-RGV |

### FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Charisma Glenn's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. [Doc. 658]. For the reasons that follow, it is **RECOMMENDED** that Glenn's § 2255 motion be **DISMISSED** pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings (hereinafter "Rule 4(b)").[1]

---

[1] Rule 4(b) provides that: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." See also Jacobs v. United States, Nos. CV416-216, CR414-343, 2016 WL 4183312, at *1-2 (S.D. Ga. Aug. 5, 2016) (recommending sua sponte denial of § 2255 motion because movant's claim regarding the court's failure to apply a minor role adjustment at sentencing was not cognizable under § 2255), report and recommendation adopted, 2016 WL 4487874, at *1 (S.D. Ga. Aug. 24, 2016)

## I. PROCEDURAL HISTORY

Represented by retained counsel Wanda S. Jackson, Glenn entered a negotiated guilty plea to one count of attempt to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C). [Docs. 1; 340; 487-1]. On February 9, 2017, the Court entered judgment, sentencing Glenn to thirty-five months of imprisonment. [Doc. 538]. Glenn did not file a direct appeal.[2] Instead, Glenn timely filed this § 2255 motion, arguing only that she should have received a sentence reduction for her "minimal" role in the offense. [Doc. 658 at 4; Doc. 658-1 at 6-7].

## II. DISCUSSION

### A.   **Procedural Default**

A criminal defendant who fails to raise an issue on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent (1) a showing of cause for the default and actual prejudice or (2) a showing of actual innocence. McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011). "[T]o show cause for procedural default, [a movant] must show that some objective factor external to the defense

---

[2] Glenn states in her § 2255 motion that she "could not appeal due to the plea agreement." [Doc. 658 at 4]. However, the Report and Recommendation does not address whether this § 2255 motion is barred by a valid appeal waiver because the plea hearing transcript has not been filed.

2

prevented [him] or his counsel from raising his claims on direct appeal . . ." or that the matter was not raised because of ineffective assistance of counsel. Lynn v. United States, 365 F.3d 1225, 1235 (11th Cir. 2004) (per curiam). A movant may also establish cause for the procedural default if he can show "that his attorney's performance failed to meet the Strickland[3] standard for effective assistance of counsel." Reece v. United States, 119 F.3d 1462, 1465 (11th Cir. 1997) (internal quotation marks and citation omitted). If a movant shows cause, he must also show prejudice, i.e., that the error complained of "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Reece, 119 F.3d at 1467 (citation omitted).

To make a credible showing of actual innocence, "a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of . . . new evidence of innocence." McKay, 657 F.3d at 1196 (citing Schlup v. Delo, 513 U.S. 298, 327 (1995)). "The [actual innocence] gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also

---

[3] Strickland v. Washington, 466 U.S. 668 (1984).

3

satisfied that the trial was free of nonharmless constitutional error.'" McQuiggin v. Perkins, 133 S. Ct. 1924, 1936 (2013) (citing Schlup, 513 U.S. at 316).

Glenn did not file a direct appeal and has not alleged that an objective factor external to the defense prevented her or her counsel from doing so or that the failure to file a direct appeal was the result of ineffective assistance of counsel. See Lynn, 365 F.3d at 1235; Reece, 119 F.3d at 1465. Glenn further does not assert that she is actually innocent. Accordingly, Glenn is not entitled to relief under § 2255.

**B.    Authority to Consider Merits**

Additionally, even if the claim were not procedurally defaulted, "Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014), cert. denied, 135 S. Ct. 2836 (2015). "Sentencing errors are generally not cognizable in a collateral attack unless the error complained of resulted in a complete miscarriage of justice." Scarboro v. United States, Nos. 11-61964-Civ-COHN (JORDAN), (10-600040-Cr-JORDAN), 2012 WL 5271726, at *12 (S.D. Fla. Sept. 17, 2012) (citation omitted), report and recommendation adopted, 2012 WL 5271716, at *2 (S.D. Fla. Oct. 24, 2012). Here, Glenn argues only that she should have received a sentence reduction for her "minimal" role in the offense. [Doc. 658 at 4; Doc. 658-1 at 6-7]. She does

4

not contend that she has suffered a complete miscarriage of justice. Furthermore, Glenn's thirty-five month sentence is well below the twenty-year statutory maximum. See 21 U.S.C. § 841(b)(1)(C). Accordingly, Glenn's challenge to her sentence is not cognizable in this § 2255 motion. See Jacobs, 2016 WL 4183312, at *1-2 (concluding that movant's claim regarding the court's failure to apply a minor role adjustment at sentencing was not cognizable under § 2255); United States v. Appling, 615 F. Supp. 387, 389 (S.D. Ga. 1985) ("A sentence within the statutory time limits is not assailable on grounds of severity or that codefendants were treated more leniently.").

### III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or,

for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  Because Glenn cannot show that reasonable jurists could debate that her ground for relief is both procedurally defaulted and not cognizable in a collateral attack, she should be denied a COA.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 658], be **DISMISSED** pursuant to Rule 4(b) and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 15th day of JUNE, 2017.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)