IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| CHARISMA GLENN,<br><br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | MOTION TO VACATE<br>28 U.S.C. § 2255<br><br>CRIMINAL ACTION<br>NO: 3:16-cr-0003-TCB-RGV-9<br><br>CIVIL ACTION FILE<br>NUMBER 3:17-cv-0069-TCB |

## **O R D E R**

This case comes before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation (the "R&R") [684] which recommends that Defendant Charisma Glenn's § 2255 motion [658] be dismissed as procedurally defaulted and failing on the merits. No objections to the R&R have been filed. Also before the Court is Glenn's subsequent motion for reduction of sentence [784], which makes the same argument as her motion to vacate.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d

732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)).[1] Where no objection to the R&R is made, it need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2] After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

The Court has carefully reviewed the R&R and finds no plain error in its factual or legal conclusions. Accordingly, the Court adopts as its Order the R&R [684]. Glenn's § 2255 motion ([658] in the criminal;

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by the Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing continuing validity of *Nettles*).

[2] *Macort* addressed only the standard of review applied to a magistrate judge's factual findings, but the Supreme Court has held that there is no reason for a district court to apply a different standard of review to a magistrate judge's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases).

2

[1] in the civil case) is denied, and the Clerk is directed to close civil action number 3:17-cv-0069-TCB.

Glenn's motion for reduction of sentence contains the same argument as her motion to vacate, that her sentence should be reduced because her minor role in the crime was not considered in the presentencing report. The Court may only "correct" a sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3742, or 18 U.S.C. § 3582(c). 18 U.S.C. § 3582. The Court took into account all appropriate considerations during the sentencing hearing and considered Glenn's role in the offense when the Court sentenced her to 35 months' imprisonment, a period well below the minimum sentencing guideline of 87 months' imprisonment. As such, Glenn's motion for reduction of sentence [784] is denied.

The Court declines to issue a certificate of appealability regarding either motion.

For the foregoing reasons, the Court adopts as its Order the R&R [684] and denies Glenn's § 2255 motion ([658] in the criminal; [1] in the civil case), and also denies Glenn's motion for reduction of sentence.

[784]. The Clerk is directed to close civil action number 3:17-cv-0069-TCB.

IT IS SO ORDERED this 17th day of October, 2017.

_____
Timothy C. Batten, Sr.
United States District Judge